UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRUCE PARKER,<br><br>    Plaintiff,<br><br>v.<br><br>REGINA JENKINS-GRANT,<br>AMALIFITANO,<br>WISNER,<br>PURDOM,<br>FROST, and<br>ERIC HERBERT,<br><br>    Defendants. | Case No. 21-10467<br>Honorable Laurie J. Michelson<br>Magistrate Judge Anthony P. Patti |

**ORDER ACCEPTING REPORT AND RECOMMENDATION [26] AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [20]**

Before the Court is Magistrate Judge Anthony P. Patti's October 29, 2021, Report and Recommendation. (ECF No. 26.) At the conclusion of his report, Magistrate Judge Patti notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 26, PageID.355.) It is now November 29, 2021. As such, the time to file objections has expired. And no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v.*

*Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. It follows that Defendants' motion for partial summary judgment on the basis of exhaustion (ECF No. 20) is GRANTED IN PART and DENIED IN PART. In particular, any intended failure to protect/deliberate indifference claim against Jenkins-Grant concerning the events of August 24, 2020 is DISMISSED, but the following claims survive: (1) Plaintiff's retaliation claim against Jenkins-Grant concerning the July 2020 phone restrictions; (2) Plaintiff's retaliation claims against Wisner, Purdom and Amalfitano with respect to the August 8, 2020 misconduct ticket; (3) Plaintiff's deliberate indifference claim against Wisner concerning the alleged August 2020 sexual harassment; (4) Plaintiff's retaliation claim against Wisner as to the August 20, 2020

misconduct ticket; (5) Plaintiff's retaliation claim against Defendant Frost concerning the alleged events of August 21, 2020; and, (6) Plaintiff's failure to protect/deliberate indifference claim against Herbert concerning the alleged events of August 24, 2020.

SO ORDERED.

Dated: November 29, 2021

                                                 s/Laurie J. Michelson
                                                 LAURIE J. MICHELSON
                                                 UNITED STATES DISTRICT JUDGE