UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE LEE PARKER,

    Plaintiff

v.

REGINA JENKINS-GRANT,
ERIC WISNER,
VINCENT AMALFITANO,
JOHN PURDOM,
JOEL FROST, and
ERIC HERBERT,

    Defendants.
_____/

Case No. 4:21-cv-10467
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION TO DENY AS MOOT
PLAINTIFF'S SEPTEMBER 7, 2021 EMERGENCY MOTION FOR
PRELIMINARY INJUNCTION (ECF No. 23)**

**I.   RECOMMENDATION:** The Court should **DENY AS MOOT** Plaintiff's September 7, 2021 emergency motion for preliminary injunction (ECF No. 23).

**II.   REPORT:**

    **A.   Background**

Bruce Lee Parker (#593090) is currently incarcerated at the Michigan Department of Corrections (MDOC) Earnest C. Brooks Correctional Facility

(LRF). (ECF No. 30.)[1] In addition to the instant matter, Parker has filed multiple cases in this Court.[2]

B.   **Instant Case**

On February 19, 2021, while incarcerated at the MDOC's Macomb Correctional Facility (MRF), Plaintiff filed the instant, verified complaint against six MRF individuals – Regina Jenkins-Grant, Eric Wisner, Vincent Amalfitano, John Purdom, Joel Frost, and Eric Herbert – concerning the alleged events of July and August 2020. (ECF No. 1, PageID.4-5 ¶¶ 21-26, 27-41; *see also id*., PageID.12; ECF No. 18.) Plaintiff claims that Defendants retaliated against him for exercising his First Amendment rights (ECF No. 1, ¶¶ 42-43) and/or were deliberately indifferent in violation of the Eighth Amendment (*id*., ¶¶ 44-45). Plaintiff requests punitive damages for Defendants' "evil intent and intentional

---

[1] *See also* www.michigan.gov/corrections, "Offender Search," last visited Mar. 21, 2022.

[2] *See*, *e.g.*, *Parker v. Cady* (2:13-cv-13670-NGE-PTM) (Feb. 28, 2017 stipulated order dismissing case with prejudice), *Parker v. Duncan, et al*. (2:19-cv-11176-SFC-EAS) (Oct. 8, 2019 order dismissing case), *Parker v. Hildreth, et al*. (2:19-cv-12345-MAG-APP), *Parker v. Grygorcewicz, et al*. (2:20-cv-11107-MAG-KGA) (Dec. 7, 2021 stipulated order of dismissal with prejudice), *Parker v. Washington, et al*. (4:20-cv-11413-MFL-KGA) (pending Mar. 21, 2022 motion to dismiss), and *Parker v. Turner, et al*. (2:20-cv-12794-VAR-RSW) (Mar. 9, 2022 order granting Defendants' motion for partial summary judgment). (ECF No. 1, PageID.3 ¶¶ 8, 15, 16, 17, 18, 19.) *See also Parker v. LeBron, et al.* (2:21-cv-12328-LJM-EAS) (Mar. 17, 2022 report and recommendation to deny as moot Plaintiff's emergency motion for temporary restraining order).

behavior" and compensatory damages for Defendants' violation of Plaintiff's constitutional rights. (*Id.*, PageID.12 ¶¶ (a)-(c).)

Parker was permitted to proceed in this Court *in forma pauperis*, although he has since paid the filing fee in full. (ECF Nos. 2, 4, 32.) Although the case was stayed and referred to the *Pro Se* Prisoner Early Mediation Program (ECF No. 5), on April 6, 2021, the Court entered an order granting Plaintiff's motion to exclude this case from the program (ECF Nos. 7, 8). At the Court's direction, the U.S. Marshals Service facilitated service of this lawsuit upon each of the Defendants. (ECF Nos. 10, 11.) On June 25, 2021, the six Defendants appeared via counsel. (ECF Nos. 13-18.)

### C. Remaining claims

On November 29, 2021, the Court entered an order accepting my report and recommendation and granting in part and denying in part Defendants' motion for summary judgment. (ECF No. 27.) Specifically, the Court dismissed "any intended failure to protect/deliberate indifference claim against Jenkins-Grant concerning the events of August 24, 2020 . . . [,]" but noted that the following claims survive:

> (1) Plaintiff's retaliation claim against Jenkins-Grant concerning the July 2020 phone restrictions; (2) Plaintiff's retaliation claims against Wisner, Purdom and Amalfitano with respect to the August 8, 2020 misconduct ticket; (3) Plaintiff's deliberate indifference claim against Wisner concerning the alleged August 2020 sexual harassment; (4) Plaintiff's retaliation claim against Wisner as to the August 20, 2020

3

> misconduct ticket; (5) Plaintiff's retaliation claim against Defendant Frost concerning the alleged events of August 21, 2020; and, (6) Plaintiff's failure to protect/deliberate indifference claim against Herbert concerning the alleged events of August 24, 2020.

(ECF No. 27, PageID.358-359.)

### D.      Pending motion for injunctive relief

This case has been referred to me for pretrial matters. (ECF No. 12, 31.) Currently before the Court is Plaintiff's September 7, 2021 emergency motion for preliminary injunction (ECF No. 23), as to which the MDOC Defendants timely filed a response on October 21, 2021 (ECF Nos. 24, 25). As Plaintiff correctly acknowledges, the Sixth Circuit considers "four factors in determining whether the district court abused its discretion in issuing the preliminary injunction:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Sandison v. Michigan High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995) (citing *USACO Coal Co. v. Carbomin Energy, Inc.,* 689 F.2d 94, 98 (6th Cir.1982)). (ECF No. 23, PageID.252.)

### E.      Discussion

Plaintiff addresses each of these factors in his motion brief. (ECF No. 23, PageID.252-254.) Of particular import are Plaintiff's claims that he will be irreparably harmed by: (1) exposure to "unknown chemicals being released from

prisoners smoking a drug by the name of K2 which is a mixture of numerous harmful cancer causing and lung deteriorating agents[,]" as he is "a severe asthmatic with preexisting respiratory issues and has to take two different inhalers daily . . . [;]"[3] and, (2) "the bounty defendants are putting on [his] safety."  (ECF No. 23, PageID.253.)  Plaintiff also mentions "mental complications caused by defendants['] reckless behavior and abuse."  (*Id*., PageID.254.)

Nonetheless, the Court should deny Plaintiff's September 7, 2021 emergency motion for preliminary injunction (ECF No. 23) as moot.  Plaintiff filed the motion while located at MRF, and he seeks injunctive relief against Defendants Jenkins-Grant, Amalfitano, and Herbert, each of whom is identified as located at MRF.  (ECF No. 23, PageID.249; ECF No. 1, PageID.4-5 ¶¶ 21, 23, 26.)  Specifically, he requests that the Court:  (1) enjoin Jenkins-Grant, Amalfitano, and Herbert from "forcing plaintiff to be housed in units and cells that [are] overly exposed to harmful chemicals from K2 . . . [;]" and, (2) forbid defendants from "soliciting other officers and inmates to target, harass and/or harm plaintiff in retaliation [for] his lawsuits and grievances against them and their co/workers."  (ECF No. 23, PageID.254.)

---

[3] As described by the U.S. Drug Enforcement Administration:  "A synthetic version of tetrahydrocannabinol (THC), the psychoactive ingredient in marijuana, K2/Spice is a mixture of plant material sprayed with synthetic psychoactive chemicals."  *See* https://www.dea.gov/factsheets/spice-k2-synthetic-marijuana (last visited Mar. 21, 2022).

5

Yet, Plaintiff has since been transferred from MRF – seemingly in January 2022 – to the MDOC's Oaks Correctional Facility (ECF), and in February 2022 to his current location at LRF.  (ECF Nos. 29, 30.)  As a result, Plaintiff's requests for injunctive relief related to MRF's conditions – where he is no longer located – or to his treatment by the MRF Defendants – under whose control he presumably no longer remains – have been rendered moot.  *See*, *e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("requests for declaratory and injunctive relief . . . are moot because Colvin's requests were directed specifically at LMF's policies and procedures and were not targeted at the MDOC kosher-meal program as a whole.").  *See also Preiser v. Newkirk*, 422 U.S. 395, 402 (1975).  In arriving at this recommendation, the Undersigned renders no opinion as to the veracity of Plaintiff's declaration regarding alleged threats, harassment, monitoring, and solicitation of harm at MRF.  (*See* ECF No. 23, PageID.255 ¶¶ 3-6.)  I simply conclude that, due to Plaintiff's transfer from MRF, the Court is no longer in a position to grant the requested MRF-related relief.

### III.    PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within fourteen days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 21, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE